UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOYCE POOLE, ) | Case No. 1:24-cv-00847 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge Reuben J. Sheperd |
| ) | |
| KENNETH J. MARCO et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION AND ORDER**

Plaintiff Joyce Poole seeks to reopen the estate of her late uncle, which was administered in Medina County, Ohio. Alleging accounting discrepancies and other potential wrongdoing, she names fifteen Defendants, including attorneys, magistrates, and judges involved in proceedings involving the estate. On its own review, the Court determines that it lacks subject matter jurisdiction over this action. Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE**.

As a federal court with limited jurisdiction, the Court has an independent obligation to examine its own jurisdiction and ensure that it has the authority to proceed. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). "[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Jurisdiction is determined at the time of the filing of the complaint.

*See, e.g.*, *Farmer v. Fisher*, 386 F.App'x 554, 557 (6th Cir. 2010) (per curiam) (citing *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006)). In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C §§ 1331, 1332(a)).

Plaintiff has not demonstrated a proper basis for the exercise of federal diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship, meaning that no plaintiff resides in the same state as any defendant. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Plaintiff states that she resides in Ohio. (ECF No. 1, PageID #1.) She also provides Ohio addresses for fourteen of the fifteen named individual Defendants. (*Id.*, PageID #2–5.) Accordingly, there is not complete diversity among the parties, and the Court lacks diversity jurisdiction.

Nor does Plaintiff's complaint provide any basis for federal question jurisdiction. Her claims involve the administration of an estate. She does not allege violation of a federal statute or a federal cause of action. She seeks restitution (ECF No. 1, PageID #7)—a State-law cause of action.

Accordingly, and without determining whether the probate exception independently divests the Court of jurisdiction, the Court **DISMISSES** the action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

2

**SO ORDERED.**

Dated: May 14, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio